UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
         F I L E D
         OCT 27 2017
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse
```

IKA KLAPAN,

Plaintiff,

-VS-

TULLY CENTRAL SCHOOL DISTRICT,

Defendant.

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Civil Action No. 5: 17-CV-1193(GLS/DEP)

Plaintiff IKA KLAPAN, as and for her complaint against Defendant, TULLY CENTRAL

SCHOOL DISTRICT, shows this Court the following:

<u>NATURE OF THE ACTION</u>

1.      Ika Klapan brings this lawsuit against her former employer, Tully Central School

District, for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 –

12117, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Article 15 of

the Executive Law of the State of New York, the New York Human Rights Act.  Klapan is filing

this discrimination complaint because she endured disability and sex discrimination, and

retaliation at work.  Ika Klapan worked as a school bus dispatcher for Defendant, from March

23, 2015 until Defendant forced her to resign effective March 22, 2016.

2.      Plaintiff seeks injunctive and declaratory relief, as well as monetary damages,

for the harm caused to her by the willful actions of Defendant that violated the Americans

with Disabilities Act, Title VII, and the New York Human Rights Act.

<u>JURISDICTION AND VENUE</u>

3.      The Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331, *et seq.*,

because the suit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 –

12117, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  The

administrative prerequisites to suit are satisfied because Plaintiff filed administrative charges

1

with the Equal Employment Opportunity Commission and the New York Division of Human Rights.  Plaintiff's Notice of Right to Sue is attached, and this action was timely filed.

4.      The Court has jurisdiction over Plaintiff's remaining claims pursuant to 29 U.S.C. § 1367, because they are state law claims that form part of the same case or controversy as Plaintiff's federal claims.

5.      Venue properly lies within this judicial district pursuant to 29 U.S.C. § 1391(b) as the Defendant committed its unlawful practices in this district, Defendant is a local governmental entity in this district, and Plaintiff resides in this district.

## PARTIES

**A.    Plaintiff**

6.      During the relevant period of this lawsuit, Plaintiff Ika Klapan was employed by Defendant Tully Central School District as a school bus dispatcher.  Plaintiff resides in Fayetteville, New York.

**B.    Defendant**

7.      Tully Central School District was Plaintiff's employer during the relevant period of this lawsuit pursuant to the Americans with Disabilities Act, Title VII, and the New York Human Rights Act.

## FACTUAL BACKGROUND

8.      Plaintiff began work for Respondent Tully School District on or about March 23, 2015.

9.      Plaintiff performed her work duties as a school bus dispatcher in a diligent and skillful manner throughout her employment.

10.     Plaintiff identified herself as a person with a disability to Defendant on numerous occasions.  Soon after her employment began, Plaintiff explained to her supervisor Bradley

2

Corbin that she had attention deficit/hyperactivity disorder (ADHD) and obsessive compulsive disorder (OCD), and that she takes medicine for these conditions. On one occasion, Plaintiff reported to Corbin that she had missed a doctor's appointment and was out of medicine. Corbin commented to Plaintiff that it was important that she made sure that she kept her medical appointments.

11.     During her employment Plaintiff felt bullied, isolated and threatened by her supervisor, Bradley Corbin.

12.     On or about June 12, 2015, Plaintiff met with Defendant's superintendent, John Hughes, and complained about harassment by her supervisor, Bradley Corbin.

13.     Toward the end of June 2015, Plaintiff disclosed to her supervisor, Bradley Corbin, that she was transgender. Corbin looked at her and said, "I prefer to call you a guy's girl." Plaintiff told other district employees that she was transgender.

14.     After Plaintiff began employment with Defendant, she started to walk during lunch with the payroll clerk. However, at the end of June 2015, the payroll clerk stopped walking with Plaintiff during lunch. When Plaintiff asked why, she said, "I was told by my supervisor that it wasn't good to be seen walking with you."

15.     On or about July 23, 2015, Bradley Corbin stopped Plaintiff in the parking lot and questioned her about taking an hour and forty-five minutes off the previous day. Plaintiff explained that she had attended a doctor's appointment. Corbin told Plaintiff that the practice in the district was to take a half-day off for an appointment. Plaintiff explained to Corbin that she could not take a half-day off because she needed to answer the phones while the buses were out in the morning and afternoon. At this Corbin started yelling, saying, "I've never had so much fucking push back or insubordination from anyone. How can I protect you from the Board?"

16.     On or about December 18, 2015, Plaintiff's supervisor gave Plaintiff her quarterly review, and it was a great review. Plaintiff saved the district money, cleaned up the garages, and

3

was up to date on paperwork and training. Plaintiff never had a negative review during her employment.

17. On or about January 5, 2016, Plaintiff was informed by Defendant that she would not be presented to the Board of Education for a permanent school bus dispatcher position. Plaintiff was told that she could resign effective January 19, 2016, and reapply for a new position the district was creating, bus garage supervisor; or just resign.

18. The bus garage supervisor position required experience in heavy equipment maintenance or experience as a skilled automotive mechanic, which Plaintiff did not have. Defendant's representatives knew that Plaintiff did not have the required experience when they suggested that she resign and reapply for the bus garage supervisor position.

19. On January 11, 2016, Plaintiff was forced to resign, effective March 22, 2016.

20. The bus garage supervisor position was never created at Defendant school district.

21. If Plaintiff's work performance had been deficient, the normal practice in a civil service setting would have been to counsel Plaintiff regarding her performance, and to extend her probation to give her an opportunity to correct her deficiencies. Instead, Plaintiff was never counseled regarding her deficiencies, and was tricked into resigning and told to reapply for a position that did not exist.

22. Defendant filled Plaintiff's position with two male employees. Upon information and belief, the male employees that filled Plaintiff's position were nondisabled.

23. On or about March 1, 2016, Plaintiff filed a formal harassment complaint with district superintendent, Robert Hughes.

24. Plaintiff was very proud of the work she did for Defendant, and anticipated a long career with the school district.

25. The discrimination and retaliation Plaintiff experienced has seriously affected her career.

26.     As a result of the above-referenced wrongful conduct, Plaintiff has been deprived of wages and benefits.

27.     The Defendant's actions also caused Plaintiff to suffer extreme mental anguish, medical problems, and financial loss.

## FIRST CAUSE OF ACTION

### Americans With Disabilities Act – Discrimination

28.     Plaintiff realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29.     By its above-stated conduct, Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION

### Americans with Disabilities Act – Retaliation

30.     Plaintiff realleges and incorporates paragraphs 1 through 29 as if fully set forth herein.

31.     By its above-stated conduct, Defendant retaliated against Plaintiff after she asserted her right to a workplace free of discrimination guaranteed by the Americans with Disabilities Act.  Defendant constructive discharged Plaintiff in retaliation for complaining about the discrimination she was subjected to.

## THIRD CAUSE OF ACTION

### Title VII – Sex Discrimination

32.     Plaintiff realleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33.     By its above-stated conduct, Defendant discriminated against Plaintiff because of her sex in violation of Title VII.

## FOURTH CAUSE OF ACTION

### Title VII – Retaliation

34.     Plaintiff realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

35.     By its above-stated conduct, Defendant retaliated against Plaintiff after she asserted her right to a workplace free of sex discrimination guaranteed by Title VII.

## FIFTH CAUSE OF ACTION

### New York Human Rights Act – Disability and Sex Discrimination

36.     Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37.     By its above-stated conduct, Defendant discriminated against Plaintiff in violation of the New York Human Rights Act.

## SIXTH CAUSE OF ACTION

### New York Human Rights Act – Retaliation

38.    Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39.    By its above-stated conduct, Defendant retaliated against Plaintiff after she asserted her right to a workplace free of disability and sex discrimination guaranteed by the New York Human Rights Act.

## DAMAGES

42.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

      a.    Plaintiff seeks compensation for all lost wages and benefits, including pension and lifetime medical benefits.

      b.    Plaintiff suffered severe mental anguish and emotional trauma resulting from the incidents of discrimination and retaliation she experienced.

      c.    Plaintiff suffered monetary losses to treat the conditions she developed as a result of Defendant's conduct.

      d.    Plaintiff suffered harm to her career and work prospects.

Plaintiff demands payment in the amount of $6,500,000.00.

## ATTORNEY'S FEES

43.    Plaintiff is entitled to an award of attorney's fees and costs.

## DEMAND FOR A JURY TRIAL

44.    Plaintiff demands a jury to hear and decide all issues of fact.

I declare under penalty of perjury that the foregoing is true and correct.

**DATED:** October **27**, 2017

Ika Klapan
**Ika Klapan**

2 Dewey Avenue Extension
Fayetteville, New York 13066
(315) 516-6900
ikaklapan17@gmail.com

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ika R. Klapan<br>2 Dewey Avenue Extension<br>Fayetteville, NY 13066 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

|  | ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2017-00147 | Scott M. Kelley,<br>Investigator | (617) 565-3210 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (*briefly state*)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

~~Feng K. An,~~
**Feng K. An,**
**Area Office Director**

AUG 03 2017

*(Date Mailed)*

cc:  **Bradley Corbin**
**School Business Administrator**
**TULLY CENTRAL SCHOOL DISTRICT**
**20 State Street**
**Tully, NY 13159**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number: (866) 408-8075
Boston Direct Dial: (617) 565-4805
Boston Direct Line: (617) 565-3200
TTY:   (617) 565-3204
FAX:  (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

**Ika R. Klapan**
**2 Dewey Avenue Extension**
**Fayetteville, NY 13066**

Re:    Kaplan v. Tully Central School District
        EEOC Charge No 525-2017-00147

Dear Ms. Kaplan,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you and Tully Central School District, (hereinafter referred to as Respondent) submitted. You allege you were discriminated against by Respondent on the basis of your disability and sex.

Evidence does not suggest the terms and conditions of your employment were different from other similarly situated employees. Records show that you were a probationary employee with a documented history of performance problems, specifically your professionalism. Because of these problems, Respondent decided not to make you a permanent employee. Respondent provided you an opportunity to apply for another probationary position and you did not apply. Rather, in lieu of discharge you resigned your position effective March 22, 2016. There is no evidence which suggest that you were discharge or constructively discharged because of your disability or sex.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

If you have any questions, please contact Anthony Pino, Jr., Enforcement Supervisor, at 1-617-565-3192, Monday to Friday, during normal business hours.

Sincerely,

_____ for

Kenneth An
Boston Area Office Director

**AUG 0 3** 2017

_____
Date